1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E-Filed 7/20/16

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

XIANGKAI XU,

            Petitioner,

    v.

CHINA SUNERGY (US) CLEAN TECH INC., et al.,

            Respondents.

Case No.  15-cv-04823-HRL

**ORDER GRANTING IN PART MOTION TO DISMISS**

Re: Dkt. No. 16

United States District Court
Northern District of California

Petitioner Xiangkai Xu ("Xu") seeks confirmation of an arbitral award against his former employer, China Sunergy Co., Ltd., and two corporate affiliates: China Sunergy (Hongkong) Co., Ltd. and China Sunergy (US) Clean Tech Inc. (collectively "Respondents").   Each party has consented to magistrate-judge jurisdiction.   Respondents move to dismiss for lack of jurisdiction and for failure to state a claim, Fed. R. Civ. P. 12(b)(1), (6); Xu opposes.   The court read the parties' briefs, conducted additional research on the operative law, and heard oral arguments from the parties; the motion to dismiss is granted in part.

**Legal Standards**

Federal courts have limited jurisdiction, and so they lack the "power" to retain a case unless the "Constitution or [a] statute" provides subject-matter jurisdiction.   *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).   A federal court therefore "must" dismiss a case if there is no constitutional or statutory source of subject-matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).   A federal court has federal-question jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

A federal court applies the pleading standard set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and clarified in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to determine whether to

dismiss a claim as implausibly pled.  The court assumes the truth of specific factual allegations, *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001), but may disregard conclusions not supported by specific factual allegations, *Iqbal*, 556 U.S. at 663-64.  The court then draws upon its "experience and common sense" to answer a "context-specific" question: do the alleged facts support a plausible legal theory?  *Id.*

## Discussion

Respondents admit this court has jurisdiction over petitions to confirm arbitral awards, but they argue this court cannot exercise that jurisdiction when the petition fails to specifically invoke the correct jurisdictional statute—Respondents argue the true source of jurisdiction in this case is Title 9 U.S.C. Section 201 and that Xu failed to cite it.  Respondents therefore ask this court to conclude that it cannot exercise its subject-matter jurisdiction over the "[im]proper petition" that "[Xu] has . . . brought[.]"  Dkt. No. 16 at 8.

The court agrees that it has federal-question jurisdiction through a statutory provision which Xu's petition does not cite.  The Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention") governs Xu's petition—it governs any petition to confirm an arbitral award where, as here, the award resulted from a "commercial . . . legal relationship" and the parties to the arbitration proceedings were not all "citizens of the United States[.]"  9 U.S.C. § 202; *see*, *e.g.*, *Freaner v. Valle*, 966 F. Supp. 2d 1068, 1076 (S.D. Cal. 2013) (discussing and applying the "expansive definition" for arbitral awards governed by the Convention).  District courts have "original" jurisdiction over such petitions because "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States."  9 U.S.C. § 203.

Xu argues the Convention does not govern his petition because the Convention applies only when a petitioner is seeking to enforce the arbitral award in a "secondary" jurisdiction—a jurisdiction which neither issued the arbitral award nor supplied the law that governed the issuance of the award.  Dkt. No. 19 at 4-5 (citing *Gulf Petro Trading Company, Inc.*, 512 F.3d 742, 746 (5th Cir. 2008)).  Xu asserts the Convention does not apply here because the United States is the "primary" jurisdiction—the jurisdiction which issued the arbitral award and supplied the law that

United States District Court
Northern District of California

governed the issuance of the award.  Dkt. No. 19 at 5.  But Xu has not provided, and the court has not found, Ninth Circuit case law that recognizes the doctrine described by Xu.  Indeed, one recently published treatise describes this distinction "between primary and secondary jurisdictions" as a doctrine which "primarily" exists within the Fifth Circuit.  *See* 3 Litigation of International Disputes in U.S. Courts § 19:2.

Moreover, Xu misunderstands the Fifth Circuit's distinction—it permits a "primary-jurisdiction court[]" to vacate arbitral awards "govern[ed]" by the Convention, even though the Convention prescribes a limited set of defenses which do not expressly include vacatur.  *See Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 364 (5th Cir. 2003) (citing Article V(1)(e) of the Convention); *see also* 3 Litigation of International Disputes in U.S. Courts § 19:2.  The distinction between primary and secondary jurisdictions therefore goes to the question of how, and not whether, the Convention applies to an arbitral award.

Nevertheless, the undersigned does not agree with Respondents that an initial pleading must cite precisely to an existent source of federal-question jurisdiction or else the court may not exercise that jurisdiction.  Respondents rely on a single case to support their formalistic pleading rule: *Gulf Petro Trading Company, Inc. v. Nigerian Nat. Petroleum Corp.*, 512 F.3d 742.  The Fifth Circuit held in *Gulf Petro* that district courts lack subject-matter jurisdiction over claims which collaterally attack a valid arbitral award.  *Id.* at 743-44.  Respondents admit their "reasoning" here is different from the reasoning in *Gulf Petro*.  Dkt. No. 16 at 8.  They also cite no particular page, quote nothing, and provide no explanation for how a discussion about impermissible collateral attacks might support their peculiar pleading rule.  Dkt. No. 16 at 8.  The undersigned is therefore satisfied that a federal court may exercise jurisdictional "power" to the extent that it exists, regardless of whether it has been precisely cited in the initial pleadings.  *Cf. Kokkonen*, 511 U.S. at 377.

Respondents raise three 12(b)(6) arguments: (1) Xu's petition cites the wrong cause of action, and the mistaken citation is a "prejudicial[] defect[]" that justifies dismissal, Dkt. No. 16 at 8-10; (2) the petition admits the arbitration "was conducted in part in San Francisco" even though

3

Xu's contract required arbitration to take place in New York, and so Respondents prevail under the affirmative defense that the arbitration violated "the agreement of the parties," Dkt. No. 16 at 10 (citing the Convention, Art. V(1)(c)); and (3) the arbitrator was wrong to "adjudicate[]" the issue of whether Respondents are alter egos of each other because the contract did not state that the alter-ego issue was arbitrable, and so Respondents prevail under the affirmative defense that the arbitration used "procedures . . . contrary to the agreement of the parties," Dkt. No. 16 at 10 (citing the Convention, Art. V(1)(d)).

Respondents conceded at the hearing on this motion that their second and third 12(b)(6) arguments are affirmative defenses available under the Convention; they argue these defenses may nevertheless be raised in a 12(b)(6) motion because Xu's allegations show that these defenses will eventually prevail.  Xu responds that these defenses fail under the pertinent case law.

The undersigned believes it would be procedurally improper to rule now on the merits of the two affirmative defenses raised by Respondents.  Plausibility under 12(b)(6) is a "facial" question, *see Iqbal*, 556 U.S. at 678, and a court answers that question by comparing the alleged facts with "the elements a plaintiff must plead to state a claim[,]" *see id.* at 675.  This facial analysis of claim elements does not depend on whether affirmative defenses might eventually be proven.  Furthermore, under Article V(1) of the Convention a court may deny a petition for confirmation on the basis of an affirmative defense only after a respondent "furnish[es] . . . proof" to establish that defense, and Respondents have furnished no proof to support their two affirmative defenses.  The court therefore denies as procedurally improper Respondents' second and third 12(b)(6) arguments.

The court agrees with Respondents that Xu's petition cites the wrong cause of action; Title 9 U.S.C. Section 207 provides the right to petition "for an order confirming" an arbitral award which is governed by the Convention, and Xu instead cites Section 9.  Dkt. No. 1 at 3.  The undersigned is satisfied that the petition states an implausible claim for relief because it expressly relies on the wrong cause of action, and the court therefore dismisses the petition.  Respondents concede leave to amend should be granted if Xu's mistaken citation is the sole basis for dismissal, Dkt. No. 16 at 11, and the undersigned agrees.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**Conclusion**

This court will exercise its subject-matter jurisdiction over this case.  The court denies as procedurally improper the affirmative defenses raised by Respondents under Article V(1) of the Convention.  The petition is dismissed as implausible for its express reliance on the wrong cause of action.  The court grants Xu leave to file an amended petition which expressly invokes Section 207 instead of Section 9 on the third page.  Xu may make no other amendments.  Xu shall file the amended petition no later than July 26, 2016.

**IT IS SO ORDERED.**

Dated: 7/20/16

_____
HOWARD R. LLOYD
United States Magistrate Judge