UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XIANGKAI XU,<br><br>        Plaintiff,<br><br>    v.<br><br>CHINA SUNERGY (US) CLEAN TECH INC., et al.,<br><br>        Defendants. | Case No.15-cv-04823-HRL<br><br>**ORDER DENYING APPLICATIONS FOR EXAMINATIONS OF THIRD PERSONS WITHOUT PREJUDICE**<br><br>Re: Dkt. Nos. 45-51 |

Plaintiff Xiangkai Xu ("Xu") applies for orders permitting the post-judgment examinations of respondent and judgment debtor China Sunergy (US) Clean Tech, Inc. and seven third persons: Sunergy America, LLC; Sunergy California, LLC (DE); Sunergy California, LLC (CA); Golden State Sunergy, LLC; McClellan Business Park, LLC; Xiaoli Zhou; and Lu Chen. Dkt. Nos. 44-51. In a separate order, the court granted Xu's application to examine judgment debtor China Sunergy (US) Clean Tech, Inc. Dkt. No. 53. For the reasons explained below, the court denies the applications to examine all seven third persons without prejudice.

Before the court approves an application for an examination of a third person, the judgment creditor must submit "proof . . . by affidavit or otherwise to the satisfaction of the proper court that a third person has possession or control of property in which the judgment debtor has an interest or is indebted to the judgment debtor in an amount exceeding [$250] . . . ." Cal. Civ. Proc. Code § 708.120(a). "The affidavit . . . may be based on the affiant's information and belief." *Id.* Section 708.120(a) limits examinations to situations in which the third person "has possession or control" of the debtor's property. *See Fox Johns Lazar Perkin & Wexler APC v. Superior Court*, 219 Cal. App. 4th 1210, 1220-21 (2013).

Xu submitted an affidavit stating, on information and belief, that the judgment debtors

1   "hold or control a majority or all of the equity ownership" of third persons Sunergy America,

2   LLC, Sunergy California, LLC (DE), Sunergy California, LLC (CA), and Golden State Sunergy

3   ("the four affiliates"). Dkt. No. 52, Packquing Decl., ¶ 9. Xu further asserts that all four of these

4   entities were created "with the intention [of evading] the pending enforcement of the [Arbitration]

5   Award," since they were created after the date of that award. *Id.*, ¶ 15.

6   Xu asserts that the four affiliates are owned or controlled by the judgment debtors. Even if

7   this is the case, however, this does not mean that the four affiliates possess or control the debtors'

8   property. *Cf. United States v. Bennett*, 621 F.3d 1131, 1136-37 (9th Cir. 2010) ("Today, it almost

9   goes without saying that a parent corporation does not own the assets of its wholly-owned

10  subsidiary by virtue of that relationship alone."). Xu would have the court conclude that more

11  than mere ownership is present here: he asserts that the affiliates were created to evade the

12  arbitration award. But Xu has not offered sufficient proof that the affiliates possess or control the

13  debtors' property, and, in any event, the court is not persuaded that such a conclusion (similar to

14  piercing the corporate veil) would be appropriate in this context. The court therefore denies Xu's

15  application to examine the four affiliate third persons, without prejudice to Xu renewing his

16  applications with additional proof and supportive authority.

17  Xu's affidavit states that third person McClellan Business Park, LLC, has leased a

18  building to debtors' affiliate Sunergy America, LLC. Dkt. No. 52, Packquing Decl., ¶ 11. This is

19  not sufficient to prove that McClellan has possession or control of the debtors' property. The

20  court denies Xu's application to examine McClellan without prejudice.

21  Finally, Xu's affidavit asserts that third person Xiaoli Zhou is the Chairwoman of Sunergy

22  America, LLC, and third person Lu Chen is the Finance Minister of judgment debtor China

23  Sunergy Co., Ltd. *Id.*, ¶¶ 17, 18. Xu asserts that both women are "likely to be familiar with the

24  extent of Judgment Debtors' assets in California." *Id.*

25  Xu has not offered proof that Zhou or Chen possess or control the property of the judgment

26  debtors. Instead, he only claims that they have information relevant to finding the debtors' assets.

27  The court is not persuaded that an examination pursuant to California Code of Civil Procedure

28  Section 708.120(a) is the appropriate vehicle for obtaining information from a third person who

does not have possession or control over the property of a judgment debtor. *See Fox Johns Lazar Pekin & Wexler APC v. Superior Court*, 219 Cal. App. 4th 1210, 1220-21 (2013); *see also* Cal. Civ. Proc. Code §§ 708.130, 187. The court denies Xu's applications to examine Zhou and Chen without prejudice.

**IT IS SO ORDERED.**

Dated: 6/2/2017

HOWARD R. LLOYD
United States Magistrate Judge